# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL TUREAUD, MICHELLE WASHINGTON, wife of, and LIONEL WASHINGTON | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| MARKEL INSURANCE COMPANY and MARKEL INTERNATIONAL INSURANCE COMPANY, LTD. | MAGISTRATE: |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, Markel Insurance Company (" MIC") and Markel International Insurance Company Limited ("MINT"), through undersigned counsel, give notice of removal and hereby remove the above-captioned action from the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, where it is currently pending, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1441 *et seq.* A copy of the action pending in the Thirty-Fourth Judicial District Court is attached hereto and made a part hereof as Exhibit "A."

Defendants file this Notice without waiving any defenses, exceptions or obligations that may exist in their favor in state or federal court. In support of this removal, Defendants allege as follows:

### TUREAUD SUIT NO. 1

1. On January 30, 2009, Plaintiff Michael Tureaud filed suit in federal court entitled *Michael Tureaud v. Essex Insurance Company and Markel Insurance Company*, United

        States District Court, Eastern District of Louisiana, 2:09-cv-02486-MLCF-DEK (Doc. 1) ("Tureaud Suit No. 1").

2.    Tureaud Suit No. 1 arose out of Plaintiff Michael Tureaud's insurance claim for Hurricane Katrina-related damages to commercial property located at 433 Friscoville Avenue, Arabi, Louisiana (the "Tureaud Property"). 2:09-cv-02486-MLCF-DEK (Doc. 1, Complaint ¶¶V and XII).

3.    Neither Essex Insurance Company ("Essex") nor MIC issued an insurance policy to Plaintiff Michael Tureaud or covering the Tureaud Property. Exhibit "B", Tureaud declarations page.

4.    Instead, MINT issued Policy No. DH4391 (the "Tureaud Policy") to Plaintiff Michael Tureaud and covering the Tureaud Property. Exhibit "B."

5.    On July 23, 2009, Judge Feldman granted the voluntary dismissal of Essex in Tureaud Suit No. 1, which dismissal was entered July 24, 2009. 2:09-cv-02486-MLCF-DEK (Doc. 23).

6.    On June 16, 2009, MIC filed a Motion to Dismiss Tureaud Suit No. 1, which Plaintiff Michael Tureaud opposed.

7.    On August 5, 2009, Judge Feldman found MIC did not insure the Tureaud Property and granted MIC's Motion to Dismiss. 2:09-cv-02486-MLCF-DEK (Doc. 25).

8.    On October 7, 2009, Judge Feldman denied Plaintiffs' Motion to Amend Judgment or, in the alternative, Relief from Judgment or Order. 2:09-cv-02486-MLCF-DEK (Doc. 34).

9.    Tureaud Suit No. 1 was adjudicated and closed. No appeal is pending.

## WASHINGTON SUIT NO. 1

10. On January 30, 2009, Plaintiffs Lionel Washington and Mrs. Lionel Washington filed suit in federal court entitled *Lionel Washington, Mrs. Lionel Washington v. Essex Insurance Company, Markel Insurance Company*, United States District Court, Eastern District of Louisiana, 2:09-cv-02485-CJB-KWR (Doc. 1) ("Washington Suit No. 1").

11. Washington Suit No. 1 arose out of Mr. and Mrs. Washington's (the "Washington Plaintiffs") claim for Hurricane Katrina-related damages to commercial property located at "6526-28 4th Street, Violet, Louisiana."[1] (the "Washington Duplex"). 2:09-cv-02485-CJB-KWR (Doc. 1, Complaint ¶¶V and XII).

12. Neither Essex nor MIC issued an insurance policy to the Washington Plaintiffs or covering the Washington Duplex. Exhibit "C," Washington declarations page.

13. Instead, MINT issued Policy No. DH4319 (the "Washington Policy") to the Washington Plaintiffs covering the Washington Duplex. Exhibit "C," Washington declarations page.

14. On August 12, 2009, Judge Barbier granted the voluntary dismissal of Essex in Washington Suit No. 1. 2:09-cv-02485-CJB-KWR (Doc. 18).

15. On June 19, 2009, MIC filed a Motion to Dismiss Washington Suit No. 1, which the Washington Plaintiffs opposed.

16. In addition, the Washington Plaintiffs admitted that MIC did not issue an insurance policy to them or covering the Washington Duplex and moved to amend the complaint to name a new defendant – MINT.

---

[1] The complaint in Washington Suit No. 1 incorrectly refers to property located at "6526-28 4th Street, Violet, Louisiana." The accurate property address as reflected in the relevant policy is "6526-28 C Street, Violet, Louisiana." *See,* Exhibit "C."

17. On October 29, 2009, Judge Barbier granted Plaintiff's Motion for Leave to File Amended Severed Complaint and reserved Defendants' rights to argue that the amended complaint was not timely (*i.e.*, Plaintiff failed to file suit against MINT within the two-year contractual deadline set forth in the Policy). 2:09-cv-02485-CJB-KWR (Doc. 26).

18. On October 29, 2009, summons was issued to MINT. 2:09-cv-02485-CJB-KWR (Doc. 28).

19. As of the date of this Notice of Removal, MINT has not been served with the original and amended complaints in Washington Suit No. 1.

20. Washington Suit No. 1 is currently pending.

### WASHINGTON SUIT NO. 2

21. On January 30, 2009, the Washington Plaintiffs filed a second suit in federal court entitled *Lionel Washington, Mrs. Lionel Washington v. Essex Insurance Company, Markel Insurance Company*, United States District Court, Eastern District of Louisiana, 2:09-cv-2513-SSV-SS (Doc. 1) ("Washington Suit No. 2").

22. Washington Suit No. 2 arose out of the Washington Plaintiffs' claim for Hurricane Katrina-related damages to commercial property located at "6532 4th Street, Apt. 1-4, Violet, Louisiana."[2] (the "Washington Fourplex"). 2:09-cv-2513-SSV-SS (Doc. 1) Complaint ¶¶V and XII).

---

[2] The complaint in Washington Suit No. 2 incorrectly refers to property located at "6532 4th Street, Apt. 1-4, Violet, Louisiana." The accurate property address reflected in the relevant policy is "6532 4th Street, Violet, Louisiana." *See,* Exhibit "C"

23. Neither Essex nor MIC issued an insurance policy to the Washington Plaintiffs or covering the Washington Fourplex. Exhibit "C," Washington declarations page.

24. Instead, MINT issued Policy No. DH4319 (the "Washington Policy") to the Washington Plaintiffs covering the Washington Fourplex. Exhibit "C," Washington declarations page.

25. On August 18, 2009, Chief Judge Vance granted the voluntary dismissal of Essex in Washington Suit No. 2. 2:09-cv-2513-SSV-SS (Doc. 24).

26. On June 17, 2009, MIC filed a Motion to Dismiss Washington Suit No. 2, which the Washington Plaintiffs opposed.

27. In addition, the Washington Plaintiffs admitted that MIC did not issue an insurance policy to them or covering the Washington Fourplex and moved to amend the complaint to name a new defendant – MINT.

28. On October 22, 2009, Magistrate Judge Shushan denied Plaintiff's Motion for Leave to file Amended Severed Complaint. 2:09-cv-2513-SSV-SS (Doc. 35).

29. On November 3, 2009, Chief Judge Vance granted MIC's Motion to Dismiss, dismissing the Washington Plaintiffs' claims with prejudice. 2:09-cv-2513-SSV-SS (Doc. 36).

30. Washington Suit No. 2 was adjudicated and closed. No appeal is pending.

### OTHER SIMILAR LITIGATION

31. On or about the same date that Tureaud Suit No. 1, Washington Suit No. 1 and Washington Suit No. 2 were filed, Plaintiff's counsel of record filed two other complaints in the United States District Court for the Eastern District of Louisiana in which the correct defendant/insurer was not named:

(A)   *Charles Ricard, Ricard's Paper & Chemical Co., Inc. v. Essex Insurance Company, Markel Insurance Company*, 2:09-cv-2499-KDE-SS; and

(B)   *Karen Bates v. Essex Insurance Company and Markel Insurance Company*, 2:09-cv-02355-SSV-ALC.

32.   In *Ricard*, the Eastern District granted Motions to Dismiss and denied Motions to Amend on the very same timeliness issues presented in Tureaud Suit No. 1 and Washington Suit No. 1 and this matter that is the subject of this removal. *See,* 2:09-cv-02499-KDE-SS, Doc. 16 and 20.[3]

33.   On January 14, 2010, in light of the foregoing adverse decisions, Plaintiffs Michael Tureaud and Mr. and Mrs. Lionel Washington, filed a new consolidated state court suit entitled *Michael Tureaud, Michelle Washington, wife of, and Lionel Washington v. Markel Insurance Company and Markel International Insurance Company, Limited,* Number 115,288, Division "A", Thirty-Fourth District Court for the Parish of St. Bernard ("Suit No. 4").

## SUIT NO. 4

34.   Identical to Tureaud Suit No. 1, Suit No. 4 arises out of Plaintiff Michael Tureaud's insurance claim for Hurricane Katrina-related damages to the Tureaud Property.

35.   Identical to Washington Suit No. 1 and Washington Suit No. 2, Suit No. 4 arises out of the Washington Plaintiffs' respective claims for Hurricane Katrina-related damages to the Washington Duplex and Washington Fourplex.

---

[3]   In the remaining *Bates* case (2:09-cv-2355-SSV-ALC), the Court has not yet had the opportunity to consider the timeliness argument.

## DIVERSITY OF CITIZENSHIP

36. Identical to Tureaud Suit No. 1 and Washington Suit No.s 1 and 2, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

37. Plaintiffs are citizens of Louisiana. Exhibit "A", Petition ¶ I.

38. Defendant, MIC, is a corporation formed under the laws of Illinois with its principal place of business in Virginia.

39. Defendant, MINT, is a corporation formed under the laws of the United Kingdom with its principal place of business in the United Kingdom.

40. There is complete diversity between the parties.

## AMOUNT IN CONTROVERSY

41. Although MIC and MINT deny any liability to Plaintiff Michael Tureaud, the amount in controversy as to claims brought by Plaintiff Michael Tureaud, exclusive of interest and costs, exceeds $75,000.00.

42. MIC did not issue an insurance policy to Plaintiff Michael Tureaud or covering the Tureaud Property.

43. MINT issued Policy No. DH4391 (the "Tureaud Policy") to Plaintiff Michael Tureaud covering the Tureaud Property. Exhibit "B."

44. Identical to Tureaud Suit No. 1, Plaintiff Tureaud alleges the Tureaud Property was destroyed or substantially damaged by wind and that he is owed all amounts due under the Tureaud Policy. Exhibit "A."

45. Plaintiff Tureaud's estimate of alleged damages (exclusive of statutory penalties and attorney's fees) is $139,197.00. Exhibit "D."

46. Additionally, Plaintiff Tureaud alleges he is entitled to statutory penalties and attorney's fees. Exhibit "A."

47. Although MIC and MINT deny any liability to the Washington Plaintiffs, the amount in controversy as to claims brought by the Washington Plaintiffs respectively, exclusive of interest and costs, exceeds $75,000.00.

48. MIC did not issue an insurance policy to the Washington Plaintiffs or covering the Washington Duplex or Washington Fourplex.

49. MINT issued one policy to the Washington Plaintiffs, Policy No. DH4391 (the "Washington Policy") which covered both the Washington Duplex and Washington Fourplex. Exhibit "C."

50. Identical to the Washington Suit No.s 1 and 2, the Washington Plaintiffs allege the Washington Duplex and Washington Fourplex were destroyed or substantially damaged by wind and that they are owed all amounts due under the Washington Policy. Exhibit "A."

51. The Washington Plaintiffs' estimate of alleged damages on the Washington Policy (exclusive of statutory penalties and attorney's fees) totals $90,922.71. Exhibit "E."

52. Additionally, the Washington Plaintiffs allege they are entitled to statutory penalties and attorney's fees. Exhibit "A."

## REMOVAL IS PROPER

53. Identical to Tureaud Suit No. 1 and Washington Suit No.s 1 and 2, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332. There is complete

diversity of citizenship between the parties and the amount in controversy, respective to the individual plaintiffs, exceeds $75,000.

54. This action is removable pursuant to 28 U.S.C. §1441 because it originally could have been brought in this Court and, in fact, was brought in this court via Tureaud Suit No. 1 and Washington Suit No.s 1 and 2.

55. Pursuant to 28 U.S.C. § 1446(a), a copy of the state court action is attached hereto as Exhibit "A."

56. Pursuant to 28 U.S.C §1446(d), promptly after this Notice of Removal is filed, written notice of the filing of this Notice of Removal will be given to Plaintiff and a copy of the Notice of Removal will be filed with the clerk of the Thirty-Fourth District Court for the Parish of St. Bernard, State of Louisiana, the court from which this action was removed. A copy of the Notice of Filing of Notice of Removal, without attachments, is attached as Exhibit "F."

57. Defendants state that the Citation and Petition was served on MIC and MINT, respectively, through the Louisiana Secretary of State on January 29, 2010. Exhibit "G."

58. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b).

**WHEREFORE**, Defendants, Markel Insurance Company and Markel International Insurance Company Ltd., respectfully request that this cause proceed in this Court as an action properly removed thereto.

        Respectfully Submitted,
        **BAKER DONELSON BEARMAN**
        **CALDWELL & BERKOWITZ, PC**

By:  /s/ Elisabeth C. Quinn
       JOHN B. DAVIS (La. Bar No. 23025), T.A.
       ELISABETH C. QUINN (La. Bar No. 27616)
       450 Laurel Street, 20th Floor
       Baton Rouge, Louisiana 70801
       Telephone: (225) 381-7000
       Facsimile:  (225) 343-3612
       **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 1st, 2010, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 1st day of March, 2010.

                                            /s/ Elisabeth C. Quinn